Entered on Docket
June 12, 2012
GLORIA L. FRANKLIN, CLERK
U.S BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

FILED

JUN 12 2012

SUSAN M SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

NOT FOR PUBLICATION

### UNITED STATES BANKRUPTCY APPELLATE PANEL

### OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP Nos.  NC-11-1392-KiJoJu |
| | NC-11-1540-KiJoJu |
| PAUL DEN BESTE and MELODY DEN BESTE, | (Related Appeals) |
| | Bk. No.  10-13558 |
| Debtors. | Adv. No.  11-1136 |
| PAUL DEN BESTE, | |
| Appellant, | |
| v. | |
| LYNN SEARLE, | |
| Appellee. | |
| PAUL DEN BESTE, | BAP No. NC-11-1539-KiJoJu |
| Appellant, | |
| v. | **M E M O R A N D U M**[1] |
| LUCIA FIORANI, | |
| Appellee. | |

Argued and Submitted on May 17, 2012,
at San Francisco, California

Filed - June 12, 2012

Appeal from the United States Bankruptcy Court
for the Northern District of California

Honorable Alan Jaroslovsky, Chief Bankruptcy Judge, Presiding

---

[1] This disposition is not appropriate for publication.
Although it may be cited for whatever persuasive value it may have
(see Fed. R. App. P. 32.1), it has no precedential value.  See 9th
Cir. BAP Rule 8013-1.

Appearances:   James Patrick Chandler, Esq. argued for Appellant,
               Paul Den Beste; Appellee Lynn Searle argued pro se;
               Lynn Searle, Esq. argued for Appellee, Lucia
               Fiorani

Before: KIRSCHER, JOHNSON[2] and JURY, Bankruptcy Judges.


    In these related appeals, chapter 7[3] debtor Paul Den Beste

("Den Beste") appeals three orders from the bankruptcy court:

(1) the order dismissing his adversary proceeding against

appellee, Lynn Searle ("Searle"), for her alleged violation of the

automatic stay (11-1392); (2) the order granting Searle's motion

for sanctions and denying Den Beste's counter-motion for sanctions

(11-1540); and (3) the order granting appellee, Lucia Fiorani's

("Fiorani"), motion for relief from stay to prosecute an action

against Den Beste in state court (11-1539).  We AFFIRM the order

dismissing the adversary proceeding, AFFIRM the sanctions order,

and DISMISS as MOOT the order granting the motion for relief from

stay because Den Beste has since been denied a discharge.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

**A.   Facts common to all three appeals.**

    The following prepetition facts are as alleged in a state

court complaint filed against Den Beste in June 2010 and in

Fiorani's motion for relief from stay.  We discuss these facts for

background purposes only.

---

    [2]  Hon. Wayne E. Johnson, Bankruptcy Judge for the Central
District of California, sitting by designation.

    [3]  Unless specified otherwise, all chapter, code, and rule
references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and
the Federal Rules of Bankruptcy Procedure, Rules 1001-9037.  The
Federal Rules of Civil Procedure are referred to as "Civil Rules."

-2-

Fiorani is approximately 65 years old and suffers from developmental disabilities. She is a "dependent adult" within the meaning of the California Welfare and Institutions Code. In January 2000, Fiorani's parents executed the Fiorani Living Trust ("Trust"). At that time, the Trust contained unencumbered real property located in the Russian Hill neighborhood of San Francisco, approximately $1.5 to $3 million in cash, and significant tangible personal property. Fiorani's parents were the sole trustors and the initial co-trustees of the Trust. Fiorani was the sole beneficiary of the "special needs" Trust intended for her care during her lifetime. Ronald Mazzaferro ("Mazzaferro"), a cousin of Fiorani's, assisted in drafting the terms of the Trust and was named as the Trust's successor trustee and remainder beneficiary. Edith Mazzaferri ("Edith"),[4] mother to Mazzaferro (who changed his name from Mazzaferri), was named as the second successor trustee.

Fiorani's parents died in March and April of 2000. Upon their deaths, Mazzaferro became trustee of the Trust. At the time of her parents' death in 2000 and up until 2009, Fiorani was living on the streets and in homeless shelters in the San Francisco area. None of the Trust assets have ever been made available to Fiorani or been expended for her benefit, including the nearly $200,000 in rent proceeds Mazzaferro and his cohorts have collected from the Russian Hill property since 2000. Since April 2000, Mazzaferro has made only one phone call and one in-person attempt to help Fiorani off the streets.

---

[4] We refer to Ms. Mazzaferri as "Edith" only to avoid any confusion between her and her son, Ronald Mazzaferro.

Case: 11-01136   Doc# 62   Filed: 06/12/12   Entered: 06/12/12 16:19:26   Page 3 of 30

Approximately one year after the death of Fiorani's parents, Edith asked Mazzaferro about the status of Fiorani.  Mazzaferro told Edith that Fiorani was well taken care of, that he was giving her a monthly stipend and was buying her food and clothes, and that Fiorani was receiving financial support from her former husband.  Mazzaferro further told Edith that Fiorani wanted nothing to do with the Russian Hill property.

Upon becoming trustee of the Trust, Mazzaferro began converting the Trust assets to his own benefit.  In June 2004, Fiorani, with assistance from her case worker, sent Mazzaferro a letter requesting information about her parents' estate.  Fiorani also left a telephone message for Mazzaferro, which was not returned.  When she attempted to call him the next day, the phone number had been disconnected.  Within days, Mazzaferro (in concert with others) executed a deed of trust encumbering the Russian Hill property as "Grantor or Trustor" of the Trust in the amount of $2,980,000.  The deed of trust identified Den Beste as "Trustee" of the Trust, and Lotchk Corporation, a Nevada corporation established by Mazzaferro in March 2004, as the "Beneficiary" of the agreement.  Den Beste has never been a trustee of the Trust, nor has he ever had the right to execute anything on behalf of the Trust.  In July 2004, Fiorani sent a letter to Mazzaferro demanding that he provide her with an accounting for the Trust. As of June 2010, Mazzaferro has failed to provide the requested information.

In February 2005, Fiorani petitioned the probate court to order Mazzaferro to prepare and file an accounting of the Trust and for a settlement of the account.  In March 2005, Den Beste

-4-

executed a deed as "Trustee" of the Trust, granting the Russian
Hill property to the Lotchk Corporation.  The sale price is
believed to have been $108,000, which may not have ever been paid.
At that time, the county tax assessor valued the Russian Hill
property at $1,621,000.  Between May 2005 and January 2007,
various court orders and warrants were issued for Mazzaferro to no
avail.

In September 2009, Fiorani petitioned the state court to have
Mazzaferro removed as trustee of the Trust.  In November 2009,
another party connected with Mazzaferro executed a deed granting
the Russian Hill property to Great Sunset Ventures, Inc., a
Wyoming corporation formed that month by Mazzaferro and his
cohorts.  As with the Lotchk Corporation, Great Sunset Ventures,
Inc. is believed to be a sham corporation used to conceal the
Trust's assets from Fiorani and the court.

Edith became trustee of the Trust in December 2009.  In
June 2010, on behalf of Fiorani and the Trust, Edith filed a
complaint in state court (Case no. CGC-10-500462) against
Mazzaferro, Den Beste, and others for multiple claims including
breach of trust, breach of contract, breach of fiduciary duty,
misrepresentation, conversion, and conspiracy (the "State Court
Action").  Edith sought, _inter alia_, return of the Trust assets,
an accounting, and compensatory and punitive damages.  Den Beste
was served with the summons and complaint on June 22, 2010.
Den Beste, appearing pro se, moved to dismiss the State Court
Action on July 19, 2010.

Den Beste and his wife filed a chapter 13 bankruptcy on
September 15, 2010.  The case was converted to chapter 7 on

-5-

October 22, 2010.  Den Beste did not list Edith or Fiorani or the State Court Action in his schedules or statement of financial affairs.  Den Beste also failed to inform the state court of the bankruptcy filing or the chapter 7 trustee of the State Court Action.  Despite the bankruptcy, Den Beste continued to defend the State Court Action pro se, making 19 filings between July 2010 and February 2011.[5]  In February 2011, Den Beste filed a complaint in the U.S. District Court for the Northern District of California against Edith for violating the automatic stay for pursuing the State Court Action against him.

Fiorani subsequently retained attorney Searle to pursue claims against Den Beste and others under California's elder and dependent adult abuse statutes.  The facts of Fiorani's case are based on essentially the same facts as Edith's complaint in the State Court Action.  Before filing the abuse action, Searle sent a letter to Den Beste and several other potential defendants on April 18, 2011, seeking to settle the matter out of court (the "Letter").  Fiorani sought return of the Russian Hill property, $2 million, and her attorney's fees to date.

**B.    The stay violation adversary proceeding (Appeal 11-1392).**[6]

On April 28, 2011, Den Beste filed an adversary complaint against Searle and Edith for violating the automatic stay.  In his case against Edith, Den Beste "renewed" the same stay violation

---

[5]    In 2007, Den Beste was declared a vexatious litigant in California and appears on the vexatious litigant list.  The same is true for Mazzaferro as of 1996.

[6]    Although Edith was a defendant in the stay violation adversary proceeding, she is not a party to this appeal.

claim he alleged against her in the U.S. District Court.  As to
Searle, Den Beste claimed the Letter violated the automatic stay.
In his prayer for relief, Den Beste requested $100,000 from each
defendant, $10,000 per day for every day they continued to violate
the stay, and $500,000 for emotional pain and suffering.

On May 27, 2011, Searle moved to dismiss the adversary
complaint for failing to state a claim for relief under Civil
Rule 12(b)(6), made applicable by Rule 7012.  Searle denied
violating the stay, stating in her supporting declaration that she
was unaware of the bankruptcy until she received Den Beste's
summons and complaint on May 2, 2011.  Searle noted that neither
her nor Fiorani's (nor Edith's) name appeared on any of
Den Beste's bankruptcy papers or on any notice issued since his
bankruptcy filing, and further noted that Den Beste participated
in the State Court Action for five months after he filed
bankruptcy without ever notifying Edith that a bankruptcy was
pending.  In short, Searle contended: (1) the Letter did not
constitute conduct prohibited under § 362(a); or (2) because she
and Fiorani had no knowledge of the bankruptcy, any potential stay
violation could not have been "willful" under § 362(k) and
Den Beste's complaint failed to establish any "willful" violation.
Attached to Searle's motion was a request for judicial notice,
which included copies of court documents she alleged showed
Den Beste's postpetition involvement in the State Court Action and
his knowledge that Edith and Fiorani were creditors when he filed
bankruptcy.  A hearing on Searle's motion was set for June 24,
2011.

Before the hearing on Searle's motion to dismiss, Den Beste

-7-

1  filed a document on June 17, 2011, which he describes as an
2  "amended complaint".  In that document he increased his demands to
3  $1 million from each defendant, $20,000 per day for every day they
4  continued to violate the automatic stay, and $1 million for
5  emotion pain and suffering.  Attached to the "amended complaint"
6  was a request for judicial notice, which included a copy of a Case
7  Management Statement ("Statement") filed by Edith's counsel in the
8  State Court Action and dated January 26, 2011.  The Statement
9  acknowledges that "Den Beste has filed for Bankruptcy" and
10 disclosed that "PTR-05-286962" (Fiorani's/Searle's probate case)
11 was a "related case."  Den Beste alleged that because Searle "has
12 been involved with in [sic] the San Francisco courts," she must
13 have known about the Statement and Den Beste's bankruptcy, at
14 least by January 26, 2011, and thus she committed perjury when she
15 claimed ignorance of his bankruptcy.  Searle has never represented
16 Edith or any other party in the State Court Action.[7]

17     The bankruptcy court orally granted Searle's motion to
18 dismiss at the hearing on June 24, 2011.  Den Beste failed to
19 appear.  Although Den Beste failed to provide the transcript on
20 appeal, other evidence available to us indicates the court
21 announced at the hearing its decision to convert Searle's motion
22 to one for summary judgment under Civil Rule 56, made applicable
23 by Rule 7056.  A judgment dismissing the adversary proceeding as

24 _____

25     [7]  Also on June 17, 2011, Den Beste filed an objection to the
   scheduled June 24 hearing on Searle's motion to dismiss because he
26 believed it was improperly scheduled and defectively noticed.
   Den Beste alleged that Searle committed mail fraud and did not
27 provide the required 28-day notice for the hearing under Local
   Rule 7007-1(a).  It is unknown how the bankruptcy court treated
28 the objection, but Den Beste does not raise this issue on appeal.

1  to Searle, with prejudice, was entered on June 30, 2011

2  ("Dismissal Order").  Den Beste timely appealed.[8]

3  **C.   The sanctions motions (Appeal 11-1540).**

4       Searle moved for sanctions against Den Beste under Civil

5  Rule 11, made applicable by Rule 9011, on July 28, 2011.  Searle

6  contended that Den Beste's adversary complaint against her for

7  violating the automatic stay was filed in bad faith for an

8  improper purpose and without evidentiary support.  Searle further

9  alleged that Den Beste's tactic of suing her personally, as

10 opposed to her client Fiorani, had been utilized by his cohort

11 Mazzaferro in the past with Edith's counsel, and was done

12 intentionally to create a conflict of interest between her and

13 Fiorani in order to deprive Fiorani of counsel.  Searle requested

14 a sanction of $18,697 in attorney's fees to compensate her for

15 

16      [8]  Although Searle had been dismissed from the adversary
    proceeding on June 30, 2011, defendant Edith had not.  Eventually,
17 the parties were ordered to attend a new scheduling conference on
    October 17, 2011.  Edith was ordered to file an answer, but,
18 before she could do so, Den Beste voluntarily dismissed her
    without prejudice on October 31, 2011.

19      Generally, dismissal of an entire action, even without
    prejudice, is a final order.  Nascimento v. Dummer, 508 F.3d 905,
20 910 n.4 (9th Cir. 2007).  See also United States v. Wallace &
    Tiernan Co., 336 U.S. 793, 794 n. 1 (1949)("That the dismissal was
21 without prejudice to filing another suit does not make the cause
    unappealable, for denial of relief and dismissal of the case ended
22 this suit so far as the District Court was concerned."); Thompson
    v. Potashnick Constr. Co., 812 F.2d 574, 576 (9th Cir. 1987)
23 ("That the dismissal is without prejudice and the litigation may
    be renewed does not affect its appealability . . . .").  No actual
24 "order" is on the docket dismissing the action as to Edith.
    However, in the case of dismissal under Civil Rule 41(a), no court
25 order is required.  See Commercial Space Mgmt. Co., Inc. v. Boeing
    Co., Inc., 193 F.3d 1074, 1078 (9th Cir. 1999)("Thus, it is beyond
26 debate that a dismissal under Rule 41(a)(1) is effective on
    filing, no court order is required, [and] the parties are left as
    though no action had been brought . . . .").

27      Therefore, we conclude that all claims against all parties
    have been resolved and the Dismissal Order is a final appealable
28 order.

time expended defending the frivolous complaint.  Prior to filing the sanctions motion, Searle complied with the 21-day safe harbor provision of Rule 9011(c)(1)(A) by serving Den Beste with her moving papers on or around June 3, 2011.

Den Beste opposed the sanctions motion, contending the bankruptcy court lacked jurisdiction to rule on it because the Dismissal Order had been appealed.  Den Beste further argued that attorneys appearing pro se are not entitled to attorney's fees under California law.  Den Beste filed a "counter-motion" for sanctions under § 105 against Searle for filing what he contended was a frivolous sanctions motion.  The counter-motion also requested a criminal referral for Searle to the U.S. District Court.  Unlike Searle, Den Beste did not comply with the 21-day safe harbor provision of Rule 9011(c)(1)(A).

The bankruptcy court held a hearing on both sanctions motions on September 2, 2011.  Den Beste appeared through counsel.  Counsel admitted that Den Beste's counter-motion did not comply with the 21-day safe harbor provision of Rule 9011.  Hr'g Tr. (Sept. 2, 2011) at 5:16-20.  The bankruptcy court took the matter under advisement.  Id. at 6:16-17.

A Memorandum on the sanctions motions was issued on September 28, 2011.  The bankruptcy court initially noted that Den Beste had "incredibly" failed to schedule Edith or Searle as creditors even though the State Court Action was pending against him, which he also failed to disclose, and Searle had represented

///

///

///

-10-

a plaintiff in state court litigation against him.[9]  In discussing

the procedural history of the adversary complaint and Searle's

motion to dismiss, the court noted:

> Den Beste responded to Searle's motion to dismiss by
> filing an amended complaint and a 'request for judicial
> notice.'  Full of unseemly invective, these documents
> failed to create a triable issue of fact that Searle knew
> about the automatic stay.  The court accordingly treated
> Searle's motion as a motion for summary judgment and
> granted it.

Mem. 2:9-12 (Sept. 28, 2011).  The court "ha[d] no difficulty

finding that Den Beste's complaint against Searle was entirely

unwarranted, both factually and legally, and was commenced against

Searle solely for the purposes of harassment."  Id. at 2:15-17.

The court further found Searle had complied with the 21-day safe

harbor provision of Rule 9011(c)(1)(A), and that Den Beste's "vile

amended complaint was not an appropriate correction" to cure his

sanctionable conduct.  Id. at 2:17-21.  While the court agreed

monetary sanctions were in order, it determined that Searle, an

attorney representing herself, was not entitled to recover

attorney's fees as a sanction.  However, the court did issue an

order requiring Den Beste to seek prior permission before

commencing any more actions against her.  Because Searle's motion

was well founded, Den Beste's counter-motion was denied.

Concurrently with its Memorandum, the bankruptcy court

entered an order granting Searle's motion for sanctions and

denying Den Beste's counter-motion (the "Sanctions Order").  For a

period of three years, Den Beste is prohibited from commencing any

---

[9]  We assume the court meant the probate action Fiorani had
pending in state court as her abuse claims against Den Beste had
not yet been filed.

-11-

action, proceeding, or motion against Searle in any court without a prior order of the bankruptcy court allowing it (with the exception of appeals from the adversary proceeding).  Den Beste timely appealed.[10]

**D.    Fiorani's motion for relief from stay (Appeal 11-1539).**

On September 8, 2011, Fiorani moved for relief from stay under § 362(d)(1) to file her abuse action against Den Beste (and several other non-debtor defendants) in state court and to permit joinder of that action with Edith's pending State Court Action ("Stay Relief Motion").  Fiorani argued that state court was a more suitable forum to hear her abuse claims, particularly since many of the defendants were non-debtors.  Fiorani conceded the stay would remain in effect as to enforcement of any resulting judgment against Den Beste or the bankruptcy estate, but she wished to retain her right to file a proof of claim and/or a nondischargeability complaint.  Attached to Fiorani's motion was a declaration from Searle and several exhibits, including copies of the complaint filed in the State Court Action (minus some redacted pages), the subject deeds and deed of trust for the Russian Hill

---

[10]    The bankruptcy court also stated in its Memorandum that it would commence its own sanction proceeding against Den Beste.  On September 26, 2011, the court issued an order to show cause for why Den Beste should not be sanctioned for filing "materially false schedules and statement of financial affairs," and for filing, without just cause, the adversary complaint against Searle for violating the automatic stay.  (Case no. 10-13558, dkt. no. 102).  A hearing was held on November 4, 2011.  On November 14, 2011, the bankruptcy court entered an order sanctioning Den Beste $2,500 for his frivolous suit against Searle.  The BAP can take judicial notice of items from the bankruptcy court record.  <u>Atwood v. Chase Manhattan Mortg. Co. (In re Atwood)</u>, 293 B.R. 227, 233 n.9 (9th Cir. BAP 2003).

-12-

property, and the Letter.[11]

Den Beste filed his opposition to the Stay Relief Motion on September 21, 2011.  His attorney filed a virtually identical opposition on that same date.  Both oppositions asserted multiple reasons for why Fiorani was not entitled to relief, including that she lacked standing as a "party in interest" to obtain relief from stay.

A hearing on the Stay Relief Motion occurred on September 22, 2011.  Counsel for Fiorani admitted to not filing a proof of claim or a nondischargeability action against Den Beste.  The bankruptcy court informed Fiorani's counsel that if the deadline for filing a nondischargeability action against Den Beste under § 523(a)(6) had passed (unless Fiorani did not know about the bankruptcy), then her only chance to prevail was if the court granted a pending objection to Den Beste's discharge.[12]  Hr'g Tr. (Sept. 22, 2011) at 5:6-18.  Counsel for Den Beste noted that the deadline (extended) for filing a nondischargeability action expired on July 6, 2011.  Id. at 8:3-4.  After hearing argument from the parties, the bankruptcy court granted Fiorani's motion on a limited basis.

In the order entered on September 29, 2011 ("Stay Relief Order"), the bankruptcy court allowed Fiorani to file her abuse action in state court, but the action was stayed for 90 days as to

---

[11]  The chapter 7 trustee filed a limited objection to the Stay Relief Motion contending that Fiorani should first file a proof of claim before pursuing any litigation against Den Beste and, to the extent she was seeking nondischargeability of her debt, Fiorani had to comply with the requirements of § 523.

[12]  A different party had filed a complaint objecting to discharge, which was set for trial.

-13-

Den Beste, pending the outcome of the objection to his discharge.
The Stay Relief Order further ordered that no judgment against
Den Beste could be enforced until the objection to discharge was
decided or when the bankruptcy court determined dischargeability
of any judgment.  Finally, all activity in the abuse action had to
cease if Den Beste received a discharge and the bankruptcy court
had made no determination that Fiorani's claims were excepted from
discharge.  Den Beste timely appealed.

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C.
§§ 157(b)(2)(A) and (G) and 1334.  We have jurisdiction over
appeals 11-1392 and 11-1540 under 28 U.S.C. § 158.  We address our
jurisdiction over appeal 11-1539 below.

## III. ISSUES

1.    Did the bankruptcy court err in dismissing the adversary
proceeding against Searle?

2.    Did the bankruptcy court abuse its discretion in granting
Searle's motion for sanctions and denying Den Beste's counter-
motion for sanctions?

3.    Have events subsequent to entry of the Stay Relief Order
rendered the appeal moot?  If not, did the bankruptcy court abuse
its discretion in granting the Stay Relief Motion?

## IV. STANDARDS OF REVIEW

We review orders granting summary judgment de novo.  Bamonte
v. City of Mesa, 598 F.3d 1217, 1220 (9th Cir. 2010).  The
bankruptcy court's application of the rules of procedure
is reviewed de novo.  Ruvacalba v. Munoz (In re Munoz), 287 B.R.
546, 550 (9th Cir. BAP 2002).  Likewise, whether a party's due

-14-

1  process rights were violated is a question of law we review de

2  novo.  Miller v. Cardinale (In re Deville), 280 B.R. 483, 492 (9th

3  Cir. BAP 2002).  Mootness is also a question of law reviewed de

4  novo.  Suter v. Goedert, 504 F.3d 982, 985 (9th Cir. 2007).

5      We review all aspects of an award of sanctions for an abuse

6  of discretion.  Price v. Lehtinen (In re Lehtinen), 332 B.R. 404,

7  411 (9th Cir. BAP 2005), aff'd 564 F.3d 1052 (9th Cir. 2009);

8  In re Nguyen, 447 B.R. 268, 276 (9th Cir. BAP 2011)(en banc).  The

9  bankruptcy court's decision to grant relief from stay is also

10 reviewed for abuse of discretion.  Kronemyer v. Am. Contractors

11 Indem. Co. (In re Kronemyer), 405 B.R. 915, 918 (9th Cir. BAP

12 2009).  To determine whether the bankruptcy court abused its

13 discretion, we conduct a two-step inquiry: (1) we review de novo

14 whether the bankruptcy court "identified the correct legal rule to

15 apply to the relief requested" and (2) if it did, whether the

16 bankruptcy court's application of the legal standard was

17 illogical, implausible or "without support in inferences that may

18 be drawn from the facts in the record."  United States v. Hinkson,

19 585 F.3d 1247, 1261-62 (9th Cir. 2009)(en banc).

**V. DISCUSSION**

21 **A.    The bankruptcy court did not abuse its discretion when it**
22      **dismissed the adversary proceeding against Searle**
       **(Appeal 11-1392).**

23      **1.    Governing law.**

24      The filing of a bankruptcy petition automatically stays "the

25 commencement . . . of a judicial . . . action or proceeding

26 against the debtor that was or could have been commenced before

27 the commencement of the [bankruptcy] case . . ." and "any act to

28 collect, assess, or recover a claim against the debtor that arose

-15-

1  before the commencement of the [bankruptcy] case . . . ."
2  Section 362(a)(1) and (a)(6).

3      Section 362(k) permits sanctions for willful violations of
4  the automatic stay under § 362(a).  "A willful violation is
5  satisfied if a party knew of the automatic stay, and its actions
6  in violation of the stay were intentional."  Eskanos & Adler, P.C.
7  v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2002)(citing Pinkstaff
8  v. United States (In re Pinkstaff), 974 F.2d 113, 115 (9th Cir.
9  1992)).  Once a creditor has knowledge of the bankruptcy, it is
10  deemed to have knowledge of the automatic stay.  Ramirez v.
11  Fuselier (In re Ramirez), 183 B.R. 583, 589 (9th Cir. BAP 1995).

12      **2.  Analysis.**

13      Den Beste raises two arguments on appeal.  He first contends
14  the Dismissal Order could not have effectively dismissed the
15  adversary proceeding against Searle because her motion to dismiss
16  and the Dismissal Order addressed only his original complaint and
17  not his "amended complaint" that was filed after Searle's motion,
18  and which he believes became the operative complaint.[13]  Searle
19  contends the bankruptcy court considered the "amended complaint"
20  and that the Dismissal Order disposed of both complaints.

21      Looking only at the Dismissal Order, it is not entirely clear
22  whether the bankruptcy court considered and dismissed both

23  _____

24      [13]  Under Civil Rule 15(a), made applicable by Rule 7015, a
    party may amend a pleading once as a matter of course before a
    responsive pleading is served.  A Civil Rule 12(b)(6) motion to
25  dismiss is not such a responsive pleading as to cut off a
    plaintiff's right to amend once, without leave of court.  CRST Van
26  Expedited, Inc. v. Werner Enters., Inc., 479 F.3d 1099, 1104, n.3
    (9th Cir. 2007).  Because Searle did not file an answer but opted
27  to file a motion to dismiss, no responsive pleading prevented
    Den Beste from filing his "amended complaint" without seeking
28  leave of the bankruptcy court.  Id.

-16-

complaints (i.e., "it is ORDERED, ADJUDGED and DECREED that
plaintiff take nothing by his <u>complaint</u> and that this adversary
proceeding is DISMISSED as to said defendant, with prejudice.")
(emphasis added).  However, the court's subsequent Memorandum on
the sanctions motions indicates it was fully aware of Den Beste's
"amended complaint" at the time it ruled on Searle's motion to
dismiss, that it considered it, and, in the court's opinion, it
failed to establish the material fact that Searle knew about the
bankruptcy when she sent the Letter.

    In our review of the record, we conclude Den Beste's original
complaint failed to meet the pleading standard for Civil Rule 8
set forth in <u>Iqbal</u> and <u>Twombly</u> and was subject to dismissal even
under Civil Rule 12(b)(6).  "The pleading standard Rule 8
announces does not require 'detailed factual allegations,' but it
demands more than an unadorned the-defendant-unlawfully-harmed-me
accusation."  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)(quoting
<u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).
Den Beste failed to set forth a <u>single</u> fact showing that Searle
knew about the bankruptcy when she sent him the Letter.

    Den Beste's "amended complaint" fares no better.  We construe
it as an opposition to Searle's motion to dismiss rather than a
proper complaint under Civil Rule 8.  <u>See</u> <u>Rubenstein v. United</u>
<u>States</u>, 227 F.2d 638, 642 (10th Cir. 1955)("There is no
controlling magic in the title, name, or description which a party
litigant gives to his pleading.  The substance rather than the
name or denomination given to a pleading is the yardstick for
determining its character and sufficiency.").

    The content of the "amended complaint" clearly responds to

-17-

1   the motion to dismiss.  Vast portions of the "amended complaint"

2   attack Searle's motion to dismiss. The document repeatedly argues

3   that the motion to dismiss has false statements and other defects.

4   In addition, paragraphs 14 and 15 of the "amended complaint"

5   assert that the motion to dismiss was served improperly.

6   Paragraph 16 accuses Searle of mail fraud in connection with

7   serving the motion to dismiss.  The vast majority of the content

8   of the "amended complaint" constitutes legal argument in

9   opposition to the motion to dismiss.  The document is an

10  opposition brief to the motion to dismiss, it is not an amended

11  complaint.

12      However, even if we construed it as an amended complaint,

13  Den Beste still loses.  He alleged that, based on the Statement

14  filed by Edith's counsel in the State Court Action in January

15  2011, which states that "Paul Den Beste has filed for Bankruptcy"

16  and that "PTR-05-286962" (Fiorani's/Searle's probate case) is a

17  "related case," Searle knew about the bankruptcy when she sent the

18  Letter in April 2011.  In other words, because Edith's counsel

19  knew about the bankruptcy and referenced in the Statement the

20  related probate case, then Searle necessarily knew of the

21  bankruptcy.  On an evidentiary note, all Den Beste offered to

22  support his claim was a copy of the Statement and his conclusory

23  argument.  The copy of the Statement only proves that it was

24  filed, and his conclusory argument about Searle's knowledge is not

25  a sufficient allegation.  British Airways Bd. v. Boeing Co.,

26  585 F.2d 946, 952 (9th Cir. 1978)("Legal memoranda and oral

27  argument are not evidence, and they cannot by themselves create a

28  factual dispute sufficient to defeat a summary judgment

-18-

motion . . . ."). In contrast, Searle submitted a declaration
stating that she had no knowledge of the bankruptcy until she
received Den Beste's summons and complaint in May 2011, a material
fact Den Beste failed to rebut.[14]

Finally, any suggestion by Den Beste that the court should
not have proceeded with a hearing regarding the motion to dismiss
the original complaint due to the filing of an alleged amended
complaint was not presented to the bankruptcy court and,
therefore, should not be considered on appeal. On June 17, 2011,
Den Beste filed the "amended complaint" and another document
entitled "Plaintiff's Objection To The Court Holding The Below
Procedurally and Defectively Scheduled and Procedurally and
Defectively Noticed Hearing." Both documents make numerous
arguments as to why the hearing regarding the motion to dismiss
should not proceed but neither document asserts that the motion to
dismiss has been mooted by the filing of the amended complaint.
Therefore, Den Beste waived this argument.

Next, Den Beste contends that the bankruptcy court failed to
provide him with proper notice that it intended to convert

---

[14] We further observe that nowhere in Den Beste's objection
to the dismissal hearing filed on June 17, 2011, does he object to
the hearing going forward based on the filing of the "amended
complaint". If Den Beste truly believed the "amended complaint"
"mooted" the need for the dismissal hearing, it seems he would
have mentioned this in his objection. We also agree that the
bankruptcy court could have construed Den Beste's "amended
complaint" as an opposition to the motion to dismiss due to its
defective nature. Therefore, we believe it was reasonable for the
bankruptcy court to go forward with the dismissal hearing and
decide the matter as a summary judgment motion based on the
evidence it had before it. At oral argument before this Panel,
counsel for Den Beste acknowledged that the "amended complaint"
could have been considered a response to Searle's motion to
dismiss.

-19-

Searle's motion to dismiss to one for summary judgment, and thus
denied him the right to defend it.  We disagree.

When a motion to dismiss is converted to a motion for summary
judgment, the converted motion is treated entirely as a motion for
summary judgment.  Although a motion to dismiss under Civil
Rule 12(b)(6) presumes that the general allegations of the
complaint embrace those specific facts necessary to support the
claim, a motion for summary judgment under Civil Rule 56 does not
make such a presumption, but rather requires the nonmovant to come
forward with all the evidence necessary to establish a genuine
issue of material fact which, if proved, would entitle the
nonmovant to relief as a matter of law.  Lujan v. Nat'l Wildlife
Fed'n, 497 U.S. 871 (1990).

If, on a motion under Civil Rule 12(b)(6), matters outside
the pleadings are presented to and not excluded by the court, the
motion must be treated as one for summary judgment under Civil
Rule 56, and all parties must be given a reasonable opportunity to
present all the material that is pertinent to the motion.  Civil
Rule 12(d).  The Ninth Circuit does not require strict adherence
to formal notice requirements.  Rather, the reviewing court
examines the record in each case to determine whether the party
against whom summary judgment was entered was fairly apprised that
the court would look beyond the pleadings and treat the motion to
dismiss as one for summary judgment.  Olsen v. Idaho St. Bd. of
Med., 363 F.3d 916, 922 (9th Cir. 2004)(quotation marks and
citations omitted).

A party is "fairly apprised" that the court will in fact be
deciding a summary judgment motion if that party submits matters

-20-

outside the pleadings to the judge and invites consideration of
them. Cunningham v. Rothery (In re Rothery), 143 F.3d 546, 549
(9th Cir. 1998). Although Den Beste submitted documents outside
the pleadings (particularly, the declaration from Mazzaferro),
this notice standard may apply only to represented parties. See
San Pedro Hotel Co. v. City of L.A., 159 F.3d 470, 477 (9th Cir.
1998)("'A represented party who submits matters outside the
pleadings to the judge and invites consideration of them has
notice that the judge may use them to decide a motion originally
noted as a motion to dismiss, requiring its transformation to a
motion for summary judgment'")(quoting Grove v. Mead School Dist.
No. 354, 753 F.2d 1528, 1533 (9th Cir. 1985)).

As for pro se plaintiffs, when the trial court treats a
motion to dismiss as one for summary judgment, "it must inform a
plaintiff who is proceeding pro se that it is considering more
than the pleadings, and must give the plaintiff 'a reasonable
opportunity to present all material made pertinent to such a
motion by [Civil] Rule 56.'" Allen v. Figueroa, 1995 WL 314704,
at *6 (9th Cir. 1995)(quoting Garaux v. Pulley, 739 F.2d 437,
438-39 (9th Cir. 1984)). "This is consistent with the 'rule of
liberal construction of pleadings presented by pro se litigants,
particularly when a motion to dismiss under [Civil] Rule 12(b)(6)
is being considered.'" Id. (quoting Garaux, 739 F.2d at 439).
Thus, did the bankruptcy court inform Den Beste that it was
considering more than the pleadings and provide him with a
reasonable opportunity to present all the material that was
pertinent to the motion?

Den Beste failed to appear, without excuse, at the hearing on

-21-

Searle's motion to dismiss, and he failed to include the
transcript of that hearing in his excerpts of record.  Therefore,
he cannot attest to what happened there.  Searle asserts that the
bankruptcy court did in fact notify the parties at the hearing
that it was treating the motion as one for summary judgment, and,
had Den Beste been present, the court would likely have deferred
its ruling and given him a chance to present any additional
evidence he might have had.  Given Searle's statement and the lack
of the required transcript, we can presume the court announced to
the parties its reasons for converting the motion to one for
summary judgment.  Cogliano v. Anderson (In re Cogliano), 355 B.R.
792, 803 (9th Cir. BAP 2006).  And, had Den Beste appeared, it is
quite possible the court would have continued the matter to allow
him an opportunity to present any further evidence in support of
his case.

    We also note that Den Beste is not your typical "pro se"
litigant, as he occasionally appears by counsel.  For example,
Den Beste and his counsel filed nearly identical oppositions to
the Stay Relief Motion.  Counsel appeared for Den Beste at that
hearing and at the hearing on the sanctions motions.  Moreover,
Den Beste, a state court vexatious litigant involved in a
multitude of civil litigation, is familiar with procedural rules
and clearly knows his way around the court.  Why Den Beste chose
not to defend his case is unknown, but we cannot reward his
conduct with a second opportunity to do so.  He fails to even
assert on appeal what evidence he could submit, if given the
opportunity, that would establish a genuine issue of material fact

-22-

which, if proved, would entitle him to relief as a matter of law.[15]

Accordingly, on this record, we conclude the bankruptcy court provided Den Beste with adequate notice that it was treating Searle's motion to dismiss as a motion for summary judgment, and it did not err when it granted the motion dismissing the adversary proceeding as to Searle.

**B.    The bankruptcy court did not abuse its discretion in entering the Sanctions Order (Appeal 11-1540).**

Den Beste raises essentially two arguments on appeal: (1) the bankruptcy court lacked jurisdiction to hear Searle's sanctions motion because the Dismissal Order had been appealed; and (2) Den Beste's due process rights were violated because he failed to receive notice that the court was considering an injunction as a sanction.  Den Beste fails to cite any authority in support of either of his arguments and we disagree.

Civil Rule 11(c)(1)(A), made applicable by Rule 9011, provides that "sanctions under this rule shall be made separately from other motions or requests and shall describe the specific

---

[15]   We note that in Garaux v. Pulley, supra, the Ninth Circuit held that where the nonmoving party is appearing pro se, the notice requirements of Civil Rule 56(c) must be strictly adhered to when a motion to dismiss under Civil Rule 12(b)(6) is converted into one for summary judgment.  At that time (1984), Civil Rule 56(c) required that the nonmoving party be given at least 10 days notice before the time fixed for the hearing on a summary judgment motion.  However, the 2010 amendments to Civil Rule 56 have eliminated any reference to time or notice, other than "reasonable time to respond" in subsection (f).  Furthermore, Garaux involved a pro se prisoner, to whom the Ninth Circuit gives special treatment.  See Lofton v. U.S. Bureau of Prisons, 999 F.2d 543, at *2 (9th Cir. 1993)(unpublished table case)(strict compliance with the Rule 56(c) 10-day notice provision is required when the litigant is a "pro se prisoner")(citing Garaux, 739 F.2d at 439-40).  Therefore, Garaux may not apply to this case or, if it does, it may no longer be good law.

-23-

conduct alleged to violate subdivision (b)." This Rule also provides a mandatory 21-day safe harbor provision, during which the movant must serve its motion on the opposing party and allow the opposing party 21 days to retract the offending paper, claim, defense, contention, allegation or denial before filing a motion for sanctions with the Court. Id. Den Beste does not dispute the bankruptcy court's finding that Searle complied with the safe harbor provision.

Rule 9011 applies to pro se litigants and debtors and subjects them to the same standards as an attorney. Bus. Guides v. Chromatic Commc'ns Ent., 498 U.S. 533 (1991)(interpreting Civil Rule 11, which is substantially similar to Rule 9011). Under Rule 9011(c), if the bankruptcy court determines that an attorney or pro se party has filed a frivolous paper or has filed a paper for an improper purpose as set forth under Rule 9011(b)(1) or (b)(2), it may impose an appropriate sanction. In re Brooks-Hamilton, 400 B.R. 238, 249 (9th Cir. BAP 2009). The sanction "is limited to what is sufficient to deter repetition of such conduct." Rule 9011(c)(2). The sanction may consist of "directives of a nonmonetary nature." Id.

Den Beste incorrectly argues the bankruptcy court lost jurisdiction to hear the sanctions motion because he appealed the Dismissal Order. Generally, the timely filing of a notice of appeal divests the trial court of jurisdiction. Rains v. Flinn (In re Rains), 428 F.3d 893, 903 (9th Cir. 2005). The rule of exclusive appellate jurisdiction, however, is not absolute. Id. at 904; Hill & Sanford, LLP v. Mirzai (In re Mirzai), 236 B.R. 8, 10 (9th Cir. BAP 1999)(collecting cases). While the trial court

-24-

cannot alter or expand the status quo of an appealed judgment, it can "correct clerical errors, take steps to maintain the status quo, take steps that aid in the appeal, award attorney's fees, impose sanctions, and proceed with matters not involved in the appeal." In re Mirzai, 236 B.R. at 10 (citing Pyrodyne Corp. v. Pyrotronics Corp., 847 F.2d 1398, 1403 (9th Cir. 1988)); Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003)(citing Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395-96 (1990) and holding that Civil Rule 11 motions raise issues collateral to the merits of an appeal and may be filed even after trial court no longer has jurisdiction over the substance of the case).

We also conclude the bankruptcy court provided Den Beste the process that was due. The bankruptcy court must afford a party subject to Rule 9011 sanctions procedural protections before levying sanctions. See Hudson v. Moore Bus. Forms, Inc., 898 F.2d 684, 686 (9th Cir. 1990)(discussing Civil Rule 11). The necessary protections are notice and an opportunity to respond. Id. See In re Deville, 280 B.R. at 496 ("The fundamental question related to due process is whether Appellants received any type of notice that was reasonably calculated under all the circumstances to apprise them of the pendency of the action and afford them an opportunity to present their objections.")(citing Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306 (1950)). It is undisputed that Searle complied with the safe harbor provision of Rule 9011. Furthermore, her motion specified the authority for the sanction, as well as the sanctionable conduct. Den Beste received notice of the sanctions motion when filed, he filed an opposition thereto, and he filed a counter-motion for sanctions. The bankruptcy court

-25-

held a full sanctions hearing at which Den Beste was represented
by counsel.  The court then considered the merits of both
sanctions motions and determined that Searle was entitled to
sanctions due to Den Beste's improper and harassing adversary
complaint.  Accordingly, the requirements of due process were
satisfied.

The fact the court chose a sanction different from the one
Searle requested does not equate to a violation of due process.
Sanctions under Rule 9011 are to be deterrent in nature.  <u>Smyth v.
City of Oakland (In re Brooks-Hamilton)</u>, 329 B.R. 270, 283 (9th
Cir. BAP 2005), <u>aff'd in part, rev'd in part on other grounds, and
remanded</u>, 271 Fed. Appx. 654 (9th Cir. 2008)(per curiam).  The
principal goal of Rule 9011 is to deter baseless filings, and the
bankruptcy court has broad discretion in determining what sanction
to impose for violating Rule 9011.  <u>Id.</u>  For a debtor like
Den Beste, who has been declared a vexatious litigant by
California courts, an injunction preventing him from filing
further frivolous actions against Searle was a reasonable and
appropriate sanction well within the bankruptcy court's
discretion.  Indeed, the bankruptcy court tailored the remedy to
the offense and the offending party.  The bankruptcy court did not
absolutely prohibit Den Best from filing any lawsuit but only
required Den Beste - a vexatious litigant - to obtain court
permission before doing so. Thus, despite Den Beste's arguments to
the contrary, the bankruptcy court was not required to provide him
with additional notice that it was choosing a nonmonetary
///
///

-26-

1  sanction.[16]

2      We also reject Den Beste's contention that his counter-motion

3  for Rule 9011 sanctions should have been granted.  Den Beste

4  argues that because Searle knew she could not seek the sanction of

5  attorney's fees, and because the fees were not awarded, it must be

6  assumed that his grounds for sanctions were valid, and therefore

7  sanctions against Searle were mandatory.

8      First, Den Beste, unlike Searle, did not comply with the

9  21-day safe harbor provision of Rule 9011(c)(1)(A).

10     Second, we are not entirely convinced that Searle was not

11 entitled to attorney's fees.  The bankruptcy court relied on

12 Massengale v. Ray, 267 F.3d 1298, 1302-03 (11th Cir. 2001) to

13 conclude that a pro se litigant is not entitled to attorney's fees

14 under Rule 9011.  While Massengale may be persuasive, we could not

15 locate any controlling Ninth Circuit authority dictating that

16 result.  Nevertheless, Searle has not cross-appealed the

17 bankruptcy court's ruling.[17]

18

---

19     [16]  Den Beste complains that a "second" sanctions motion was
    filed requesting the injunction (as opposed to attorney's fees)
20  and that he was not served with this motion, which apparently
    provides the basis for his due process argument.  In his excerpts
21  of record, Den Beste included an order entered on September 26,
    2011, which states that both sanctions motions were denied.  It is
22  stamped "docket #50."  Then, on September 28, 2011, the bankruptcy
    court entered the Sanctions Order, which granted Searle's motion
23  and denied Den Beste's.  It is also stamped "docket #50."
        Notably, this "first" sanctions order entered on September 26
24  is no longer on the docket.  Therefore, we conclude this "first"
    order was entered in error and was replaced with the operative
25  Sanctions Order on September 28, 2011.  From what we can tell, no
    "second" motion or OSC was ever filed.

26

27     [17]  We are also not persuaded by Den Beste's reliance on
    Musaelian v. Adams, 87 Cal. Rptr. 3d 475 (Cal. 2009).  There, the
    California Supreme Court held that an attorney who responds in pro
28                                                    (continued...)

-27-

1    Third, for the bankruptcy court to impose Rule 9011 sanctions

2  as to Searle, it first had to find that she violated the Rule.

3  <u>Walters v. Webre (In re Webre)</u>, 88 B.R. 242, 245 (9th Cir. BAP

4  1988); Rule 9011(c).  The bankruptcy court made no such finding.

5  Finally, Den Beste's argument that because Searle was not awarded

6  fees means his grounds for sanctions were valid is a non sequitur.

7  Therefore, no sanctions as to Searle were mandatory as Den Beste

8  suggests.

9    Accordingly, we conclude the bankruptcy court did not abuse

10 its discretion when it granted Searle's motion for sanctions and

11 denied Den Beste's counter-motion for sanctions.

12 **C.  The appeal of the Stay Relief Order is moot (Appeal 11-1539).**

13    Den Beste also appeals the Stay Relief Order, contending that

14 Fiorani lacked standing to request relief from the automatic stay.

15 On April 5, 2012, Searle filed a Notice of Possible Mootness of

16 Appeals, contending that this appeal is moot in light of the

17 denial of Den Beste's discharge.  Den Beste's response failed to

18 adequately address the issue.  We dismiss this appeal as moot.

19    If a case becomes moot while pending on appeal, it must be

20 dismissed for lack of jurisdiction.  <u>I.R.S. v. Pattullo (In re</u>

21 <u>Pattullo)</u>, 271 F.3d 898, 900 (9th Cir. 2001).  The test for

22 mootness of an appeal is whether we can grant a debtor any

23

24 _____

25    [17](...continued)
se to a filing abuse may not recover the sanction of attorney's
fees under CCP 128.7.  While similar to Civil Rule 11 (and Rule
26 9011), CCP 128.7 is a remedy under the California Code of Civil
Procedure applicable to procedural matters in the state courts of
27 California.  It is not a remedy under Civil Rule 11 or Rule 9011,
the procedural rule applicable in a federal court.  Thus,
28 <u>Musaelian</u> does not control this case.

-28-

effective relief in the event we decide to reverse the bankruptcy

court's order granting a party's motion for relief from stay.

Pilate v. Burrell (In re Burrell), 415 F.3d 994, 998 (9th Cir.

2005)("A case is moot if the issues presented are no longer live

and there fails to be a 'case or controversy' under Article III of

the Constitution.").  If we cannot grant effective relief, we must

dismiss the appeal as moot.  In re Pattullo, 271 F.3d at 901.

On March 19, 2012, while this appeal was pending, the

bankruptcy court entered a judgment denying Den Beste's discharge

under § 727(a)(4)(A) and (a)(2)(B).  As a result, the automatic

stay terminated by operation of law at the time the discharge was

denied.  Section 362(c)(2)(C).[18]  Den Beste did not seek or obtain

a stay of the Stay Relief Order pending appeal.  Accordingly,

Den Beste no longer has the protection of the automatic stay from

Fiorani's pursuit of her claims against him.  Our reversal of the

Stay Relief Order could not change that outcome.

Even if the bankruptcy court improperly granted Fiorani

relief from stay to file her abuse action, the issuance of an

opinion on this point now would be advisory.  The Constitution

forbids the issuance of advisory opinions by federal courts.

U.S. Const., art. III; Kittel v. Thomas, 620 F.3d 949, 951 (9th

Cir. 2010); Haden v. Pelofsky, 212 F.3d 466, 469 (8th Cir.

---

[18]   Section 362(c)(2)(C) provides:

(c) Except as provided in subsections (d), (e), and (f) of this
section—
 . . . .
    (2) the stay of any other act under subsection (a) of this
    section continues until the earliest of—
        (C) if the case is a case under chapter 7 of this title
        concerning an individual . . . the time a discharge is
        granted or denied.

-29-

2000)(if a case is indeed moot the appellate court must refrain from reaching the merits because any opinion issued would be merely advisory and rest on hypothetical underpinnings).

Because the discharge order cannot be altered in any way in this proceeding, we cannot, at this juncture, provide Den Beste any effective legal relief.  Accordingly, we DISMISS this appeal as MOOT.

## VI. CONCLUSION

Based on the foregoing reasons, we AFFIRM the Dismissal Order, AFFIRM the Sanctions Order, and DISMISS as MOOT the Stay Relief Order.

-30-